UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE NEWELL,<br><br>Plaintiff,<br><br>v.<br><br>FARM BUREAU MUTUAL INSURANCE COMPANY OF IDAHO, an Idaho corporation; IDAHO FARM BUREAU FEDERATION, INC., an Idaho corporation; and, FARM BUREAU LIFE INSURANCE COMPANY, an Iowa company,<br><br>Defendant. | Case No. 1:17-cv-277-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Farm Bureau Mutual Insurance Company of Idaho's Motion to Change Venue. Dkt. 22. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court DENIES the Motion to Change Venue.

Also pending is Plaintiff's Motion to Extend Time to Amend Complaint. Dkt. 34. This motion is unopposed; therefore, the Court will GRANT the Motion to Extend Time.

## II. BACKGROUND

On June 28, 2017, Plaintiff Mike Newell filed suit in the State of Idaho, Fourth Judicial District, Ada County. In his Complaint, Newell alleges four causes of actions against defendants, including a claim for religious discrimination under Title VII of the Civil Rights Act of 1964. Also on June 28, 2017, Defendant Farm Bureau Mutual Insurance Company of Idaho ("Farm Bureau") filed a notice to remove the case to the U.S. District Court for the District of Idaho. Pursuant to Idaho Local District Civil Rule 3.1, the Clerk of the Court assigned the case to the Southern Division of the District of Idaho because the case was removed from Ada County. On September 27, 2017, Farm Bureau filed the instant Motion to Change Venue seeking to have venue changed from the Southern Division (Boise) to the Eastern Division (Pocatello). Plaintiff filed an opposition. The other named Defendants do not oppose the Motion.

## III. LEGAL STANDARD

A. *28 U.S.C. § 1391*

The general venue statute provides in relevant part:

(b) Venue in general.--A civil action may be brought in--
    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). By its terms, § 1391 refers to districts and not divisions. *See Crumrine v. NEG Micon USA, Inc.,* 104 F. Supp. 2d 1123, 1125–26 (N. D. Iowa 2000) (explaining that, because § 1391(a) establishes proper venue in terms of districts rather than divisions, venue requirements of § 1391(a) are satisfied if action is filed in proper district). Obviously, the District of Idaho was the proper district within which to file the Complaint. Therefore, the requirements of § 1391(a) have been met.

### B. Local Rules

The District of Idaho is comprised of four divisions, each of which covers certain specified counties. D. Idaho L. Civ. R. 3.1. The Local Rules do not provide a procedure for filing a case within a particular division. Rather, Rule 3.1 states that "[c]ases that have venue in one of the above divisions will be assigned by the Clerk upon the filing of the Complaint or petition to the appropriate division, unless otherwise ordered by the presiding judge." *Id.* It is the policy of the Court that the Clerk of the Court assign a case to the division in which the defendant resides, which is determined from the address provided by the plaintiff. In other words, had this case been filed in federal court at the outset it would have been assigned to the Eastern Division. When a case is removed from state court to federal court, however, it is the policy of the Court to file the action based upon the aforementioned geographic counties, specifically the county in which the state action was pending. Therefore, a Complaint filed in Ada County and removed to federal court would be filed in the Southern Division, as it was in this case.

### C. 28 U.S.C. § 1441

MEMORANDUM DECISION AND ORDER - 3

The District of Idaho's policy on removal mirrors the federal rules, which state in relevant part that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441. In this fashion, an action is removed to the division which encompasses the county where the state court matter is pending. This procedure coincides with Idaho's local rule in determining where "cases have venue" in the underlying Idaho counties and does not give deference to a defendant's residence, as is customary. Herein lies one of the biggest points of contention in this case—what if the underlying selection of state court venue was incorrect? Should the Court give deference to that selection or should the Court defer to the traditional federal practice of utilizing defendant's residence when determining venue? The Court will address this question shortly.

### D. 28 U.S.C. § 1404

Notwithstanding the above, courts may transfer a civil action for the convenience of parties and witnesses, and in the interest of justice, to any district or division where it might have been brought. *See* 28 U.S.C. § 1404(a). Also, by motion, consent, or stipulation of all parties, a civil action may be transferred in the court's discretion to any other division in the same district. 28 U.S.C. § 1404(b). By its terms, the relevant consideration is the convenience of the parties and the witnesses. However, as shown below, courts often consider other factors. The burden is on the party requesting the transfer to show that the balance of conveniences heavily favors the transfer. *See Decker*

*Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986) (holding that moving party must make strong showing of inconvenience to warrant upsetting plaintiff's choice of forum). Courts have considerable discretion in deciding a motion to transfer after considering relevant factors. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)).

The Court notes that most of the cases construing § 1404(a) involve a motion for transfer between districts as opposed to a motion for transfer between divisions. Relevant considerations in interdistrict transfers often are not applicable to interdivision transfers. Nevertheless, they provide guidance to the Court.

In deciding whether to transfer to another district, the Ninth Circuit has cited several factors the Court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99 (footnote omitted). Other courts have considered additional factors. *See, e.g., Decker,* 805 F.2d at 843 (considering convenience to the parties, convenience to the witnesses, ease of access to the evidence, familiarity of each forum to the applicable law, feasibility of consolidation with other claims, and any other practical issues); *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006) (considering plaintiff's choice of forum; convenience of the witnesses; accessibility of witnesses and other sources of proof;

MEMORANDUM DECISION AND ORDER - 5

possibility of obtaining a fair trial; and all other factors of a practical nature that make a trial easy, expeditious, and economical); *United States v. Brown University*, 772 F. Supp. 241 (E.D. Pa. 1991) (considering defendant's residences, residences of potential witnesses, situs of events giving rise to the lawsuit, location of records and documents, and other practical issues).

## IV. ANALYSIS

Here, it seems clear that had Newell filed this case in federal court to begin with, the Clerk of the Court would have assigned it to the Eastern Division because of Defendants' residence there.[1] However, because Farm Bureau removed the case from Ada County, the Clerk of the Court correctly assigned it to the Southern Division.[2]

Farm Bureau contends, however, that venue was not proper to begin with in Ada County and therefore the Court should disregard Plaintiff's choice and transfer the case. However, even if Newell did "choose wrong," the Court is not absolved of its duty to conduct a thorough analysis of the relevant facts and case law.

---

[1] Newell argues that he could have originally filed in the Southern Division based upon Title VII venue provisions. Farm Bureau disagrees. As the Court is relying on the District of Idaho's policy for how removed cases are assigned, it need not reach a determination of what *would* have happened had this case been filed first in federal court.

[2] At the outset, the Court notes that while both parties submitted excellent briefs with relevant case law, there is scant authority as it relates to this factual scenario. In this case, the Court finds that removal was correct per the District of Idaho's procedure; however, the Court also finds that the underlying venue choice was most likely incorrect and adopts instead what would have been one of two correct choices (as admitted by both parties).

## A. Choice Of State Venue

The first question is whether Ada County was a proper venue for the case when Newell filed in state court. By Newell's own admission, the standard for venue in Idaho, in relation to contract claims, is Idaho Code § 5-404, which states that all civil actions filed in state court "against any corporation organized under the laws of the state of Idaho . . . shall be commenced and tried in any county of this state where the defendant has its principal place of business or in the county in which the cause of action arose."[3]

Additionally, it is well established in Idaho that "a breach of contract action arises in the county where the contract was made, where the contract was breached or where the damage occurred." *Corder v. Idaho Farmway, Inc.,* 133 Idaho 353, 358 (Idaho Ct. App. 1999). Under this analysis, Newell contends that, because he "resides in and incurred damages in Meridian," which is in Ada County, Ada County was a proper venue. The Court disagrees. The sole connection Newell has to Ada County appears to be his personal residence there. While an argument could be made that Newell "suffered" or "incurred" damages in Ada County vis-a-vi the fact he resides there, the Court takes a more practical approach and looks at where the defendant resides, where the contracts were signed, and where the breach occurred. By Newell's own admissions:

> [E]ven if venue were not proper there [Ada County], the appropriate venue would have been Canyon County, not Bannock County. Indeed, Plaintiff worked for Defendant for over 31 years, and during that time, he generally

---

[3] Under this statute, it appears clear that the only two possible choices for venue are Bannock County (Farm Bureau's principle place of business) or Canyon County (the county in which the events took place).

MEMORANDUM DECISION AND ORDER - 7

> worked in the Caldwell and Nampa offices, both of which are located in Canyon County. (See Declaration of Mike Newell, attached hereto as Exhibit A, at ¶2.) Indeed, Plaintiff signed his employment contracts with Defendant while he was in the Caldwell and Nampa offices, and when Plaintiff became a manager in 2011, his office was located in Caldwell. (See id. at ¶¶5, 6.) He went to the Caldwell office daily, and Plaintiff was working out of the Caldwell office when he was fired. (See id. at ¶¶5, 7.) As such, he was precluded from returning to work there. In short, the contracts at issue were signed in Canyon County, the contracts were breached in Canyon County, and the damage occurred in both Canyon County and Ada County. As such, venue is appropriate in either of those two counties.

Dkt. 30, at 4. Farm Bureau takes issue with Newell's conclusion that either Ada or Canyon County would have been an appropriate venue. The Court agrees that venue was not proper in Ada County. Further analysis is unnecessary however, as everyone agrees—including Farm Bureau—that Canyon County would have been a proper choice of venue. Dkt. 31, at 2. Bannock County would also have been an appropriate choice as Farm Bureau's principle place of business in the state of Idaho is located in Bannock County.

While Farm Bureau agrees that Canyon County would have been an appropriate venue, it asks the Court to ignore that fact—because of Newell's failure to select a proper venue in the first place—and to give deference to other factors such as convenience, cost, and availability. While Newell did arguably[4] select the wrong forum, the Court is hesitant to transfer venue (based upon a "wrong choice" argument) for two reasons. First, there is no procedural mechanism for correcting an underling state court venue problem and the

---

[4] Although this Court believes that Ada County was an improper forum to begin with, opining as to what would have happened in state court is pure speculation. The case may have stayed in Ada County or the state court may have transferred the case—there is simply no way to know because defendants removed this action to federal court the same day Newell filed it in state court.

MEMORANDUM DECISION AND ORDER - 8

District of Idaho follows the federal removal statute which mandates that a case be removed based upon where the case is *pending,* so correct or not, this case was pending in Ada County and the Clerk of the Court's assignment to the Southern Division was accurate. Second, referring back to the Idaho District Local Rules, "[c]ases that have venue in one of the above divisions will be assigned by the Clerk upon the filing of the Complaint or petition to the appropriate division." Dist. Idaho Loc. Civ. R. 3.1. Although not selected by Newell, all parties agree that this case "ha[s] venue"[5] in Canyon County, therefore, assignment to the Southern Division was proper under that theory as well.

The above analysis aside, Farm Bureau still has the right to request a change in venue as a matter of course regardless of what happened in state court. So while the Court finds that Ada County was not a proper venue choice, but that removal was nonetheless procedurally proper, such is of little consequence as a party is free to motion to change venue at any time under 28 U.S.C. § 1404. The Court turns next to the merits of transferring this case between divisions.

B. *Change Of Federal Venue – Division*

As previously noted, there are numerous factors a Court should consider when a Motion to Change Venue is before it. These factors include cost, convenience, availability of witnesses and evidence, and where the events giving rise to the suit took

---

[5] There is no indication in the rule that "venue" must be formally couched in terms of filing or pendency in state court. While this may be the logical conclusion, the rule is not that specific.

place, to name but a few.[6] The Court has considerable discretion over venue changes and the party seeking the change has the burden of persuading the Court that such is practical, economical, and in the interests of justice.

One of the Court's biggest concerns in this case is that, while it does appear that it would be more beneficial for Farm Bureau to litigate this matter in the Eastern Division, all a transfer would do is shift the burden and cost from Farm Bureau to Newell. A transfer of venue is not appropriate if it would merely shift, rather than eliminate, the inconvenience and costs. *See Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986). The Court respects Farm Bureau's position that the majority of their witnesses and resources are in the Eastern Division, however, the majority of Newell's witnesses are in the Southern Division.

Additionally, using general principles of jurisdiction, it appears clear that the events giving rise to this cause of action happened in the Southern Division.[7] Granted, there are people in the Eastern Division who took part in those decisions, but the contracts were signed, executed, and breached in the Southern Division and any related conduct surrounding Newell took place where he was—the Southern Division.

---

[6] See Section III D herein for a more complete list of factors the Court considers when ruling on a motion to change venue.

[7] The Court broadly uses the Southern Division instead of listing a particular town because it appears that Newell worked in multiple offices in various counties; however, all of these counties fall within the Southern Division.

Finally, while Bannock County may be the place of business for Farm Bureau, it is not the place of business for Newell. Anywhere Farm Bureau has a regional office, they have, to some degree, availed themselves of the benefits and detriments of that forum. The Court is not saying that a plaintiff's forum choice is always paramount to a defendant's, but when considered alongside other factors *in this case*, the benefits of transferring venue do not outweigh the burdens which would arise.

Farm Bureau has not met their burden in persuading the Court that a change in venue is appropriate. While it may remove the strain on Farm Bureau, it would increase the hardship to Newell. This is not something the Court is willing to do.

Lastly, because Idaho is one District and this Court takes cases in all division, the undersigned will remain on the case regardless of whether it is assigned to the Southern Division or Eastern Division. To that end, the Court has always allowed attorneys who may be situated throughout the state to coordinate amongst themselves and opt to hold hearings in either Pocatello or Boise. As this will remain a Boise case, hearings will be held in Boise, unless the parties, after working together in good faith, determine an alternative location is the most cost effective option for a particular hearing.

///
///
///
///
///
///

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Change Venue (Dkt. 22) is **DENIED.**

2. Plaintiff's Motion to Extend Time to Amend Complaint (Dkt. 34) is **GRANTED**. Plaintiff shall have until Friday, January 12, 2018, to file any motion he might make to amend his Complaint (Dkt. 1-2).

DATED: December 5, 2017

David C. Nye
U.S. District Court Judge