| | |
|---|---|
| MIKE NEWELL,<br><br>Plaintiff,<br><br>v.<br><br>FARM BUREAU MUTUAL INSURANCE COMPANY OF IDAHO, an Idaho corporation; IDAHO FARM BUREAU FEDERATION, INC., an Idaho corporation; and, FARM BUREAU LIFE INSURANCE COMPANY, an Iowa company,<br><br>Defendants. | Case No. 1:17-cv-00277-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Plaintiff Mike Newell seeks leave of the Court to add a claim to his Complaint for negligent infliction of emotional distress. Defendants oppose the proposed amendment. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

On December 22, 2016,[1] Newell filed suit in State Court. On June 28, 2017, Defendant Farm Bureau removed the case to this Court. On November 10, 2017, Newell filed a Motion for Extension of Time to Amend Complaint. Dkt. 34. None of the Defendants opposed the Motion and the Court granted the same on December 5, 2017. Dkt. 36. The Court's order gave Newell until January 12, 2018, to file any motion regarding amendment. *Id.*

On January 12, 2018, Newell filed the instant Motion to Amend, seeking to add a claim for negligent infliction of emotional distress[2] against Farm Bureau and the Federation.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Rule 15 "policy is 'to be applied with

---

[1] Although it has no impact on this Motion, the Court notes that in its prior decision (Dkt. 36) it erroneously stated in the background paragraph and in footnote 4 that Newell filed suit on June 28, 2017. Newell filed suit on December 22, 2016, and Defendants *removed* the action on June 28, 2017.

[2] It seems there was some initial confusion regarding whether the claim was for negligent or intentional infliction of emotional distress. Newell clarified in his reply brief (Dkt. 43) that the claim he seeks to add is one for *negligent* infliction of emotional distress.

extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). "A district court, however, may in its discretion deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (internal quotation marks and citation omitted). The party opposing amendment bears the burden of showing why the Court should not grant leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In this case, Defendants oppose Newell's Motion only on the grounds that amendment would be futile. "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "When a motion to amend is opposed on the grounds that amendment would be futile, the standard of review in considering the motion is akin to that undertaken by a court in determining the sufficiency of a complaint which is challenged for failure to state a claim under the Federal Rules of Civil Procedure, Rule 12(b)(6)." *Arbon Valley Solar LLC v. Thomas & Betts Corp.*, No. 4:16-cv-00070-DCN, 2017 WL 5613009 (D. Idaho Nov. 21, 2017) (quoting *Doe v. Nevada*, 356 F. Supp. 2d 1123, 1125 (D. Nev. 2004)).

"A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"

MEMORANDUM DECISION AND ORDER - 3

*Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). "[I]n considering a Rule 12(b)(6) motion, the Court must view the "complaint in the light most favorable to" the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Id.* at 1122.

## IV. ANALYSIS

In Farm Bureau's opposition to this Motion, which the other two Defendants subsequently joined, it asserts that Newell's proposed amendment is futile because (1) Idaho law does not allow negligence infliction of emotional distress claims in an at-will employment circumstance such as this, and (2) Newell has not put forth any evidence to support a negligence infliction claim. As Farm Bureau bears the burden of showing why the Court should not grant leave to amend, the Court will address each argument in turn.

### A. Negligent Infliction of Emotional Distress Claims under State Law

Negligent infliction of emotional distress requires a showing of "(1) a legally recognized duty, (2) a breach of that duty, (3) a causal connection between the defendant's conduct and the breach, and (4) actual loss or damage." *Bollinger v. Fall River Rural Elec. Co-op., Inc.*, 272 P.3d 1263, 1273 (Idaho 2012). Additionally, the plaintiff must demonstrate a physical manifestation of the alleged emotional injury. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank*, 804 P.2d 900, 906 (Idaho 1991).

In the employer/employee context, an employer does not breach a legal duty to an at-will employee simply by terminating him without cause. *See Sorensen v. St. Alphonsus Reg'l Med. Ctr.,* 118 P.3d 86 (Idaho 2005). In other words, unless the employer breached

MEMORANDUM DECISION AND ORDER - 4

an independent legal duty, a negligent infliction claim cannot stem simply from an employer firing an employee. *See Wright v. Ada Cty.,* 376 P.3d 58, 68 (Idaho 2016); *Hatheway v. Bd. of Regents of Univ. of Idaho*, 310 P.3d 315, 330 (Idaho 2013).

In his original Complaint (Dkt. 1-2), Newell alleges five causes of action. Four of the claims deal with contracts and contract provisions that cannot independently give rise to a negligent infliction tort claim. In *Aardema v. U.S. Dairy Sys., Inc.*, the Idaho Supreme Court held:

> Negligence and breach of contract are two distinct theories of recovery. Ordinarily, breach of contract is not a tort, although a contract may create the circumstances for the commission of a tort. . . . A tort requires the wrongful invasion of an interest protected by the law, not merely an invasion of an interest created by the agreement of the parties.

215 P.3d 505, 510 (2009) (internal quotation marks and citation omitted). Newell's first cause of action, however, is "Religious Discrimination in Violation of Title VII and the IRHA." Dkt. 1-2, at 10. Title VII and the Idaho Human Rights Act impose numerous legal duties on employers to act in certain ways.[3] Violation of *these* independent legal duties could give rise to a negligent infliction claim and is the "anchor" Newell must use.

At the pleading stage, utilizing a 12(b)(6) standard, the Court must take Newell's factual allegations as true. Newell alleges that Farm Bureau violated legal duties under Title VII and IHRA; therefore, Newell can add a negligent infliction claim to the suit under Idaho law even though he was an at-will employee.

---

[3] "The IHRA does create certain duties for employers, the violation of which could form the basis of a negligent infliction of emotional distress claim."*Hatheway*, 310 P.3d at 330.

### B. Sufficient evidence

Second, Farm Bureau claims that Newell's amendment would be futile because he cannot produce any evidence to support his claim. The Court understands Farm Bureau's argument, but it is premature. As just noted, at the pleading stage of a case, the standards are lower and Newell only needs to allege facts—not produce evidence—in support of his claims. Evidence will become more relevant down the road as Newell must defend this claim against dispositive motions or at trial; but for now all that Newell needs is a simple, plain statement.

As an aside, there appears to be some confusion regarding what, if anything, Newell has produced in support of this claim. Newell implies in his reply brief (Dkt. 43, at 3-4) that around the same time as Defendants responded to the instant Motion, Newell produced some medical records and other documents in support of his negligent infliction claim. The Court does not know if these documents remedy Defendants' concerns, but even assuming arguendo that Newell has not produced anything to date, Newell did not need to. In his original Complaint, Newell alleged that he has suffered, among other things, "mental anguish, and emotional and physical distress," (Dkt. 1-2, at 11) due to Defendants' conduct. These allegations are adequate to support a negligent infliction claim and were sufficient to put Defendants on notice of potential "distress" related claims. No further evidence is required at this stage.

Upon review, Defendants have not met their burden of establishing that amendment would be futile. Accordingly, the Court will GRANT Newell's Motion to

Amend/Correct in order to add a claim for negligent infliction of emotional distress stemming from violations of Title VII and the Idaho Human Rights Act.[4]

## V. ORDER

**IT IS ORDERED:**

1. Newell's Motion to Amend/Correct Complaint (Dkt. 37) is **GRANTED.**

2. Newell will have 7 days from the date of this order to file his Amended Complaint as outlined in Dkt. 37.[5]

DATED: April 16, 2018

David C. Nye
U.S. District Court Judge

---

[4] This will require Newell to alter his Amended Complaint to remove references to contracts violations which cannot be the basis for his negligent infliction claim (portions of proposed paragraph 76).

[5] As Newell noted in his reply brief, he needs to correct some typos—namely the word "intentional" that was erroneously used instead of "negligent." The Court will allow Newell to correct any typos, and the language in paragraph 76, but otherwise, he shall file the Amended Complaint as proposed in Dkt. 37-1, "Exhibit A."